John W. Kluksdal [ISB No. 5641]
HEPWORTH HOLZER, LLP
537 W. Bannock Street, Ste. 200
P.O. Box 2582
Boise, Idaho 83701-2582
Telephone: (208) 343-7510
Fax No. (208) 342-2927
jkluksdal@hepworthholzer.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GEORGE ASSAD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | CLASS ACTION |
| U.S. GEOTHERMAL INC., JOHN H. WALKER, PAUL LARKIN, LELAND MINK, JAMES C. PAPPAS, RANDOLPH J. HILL, ALI HEDAYAT, and DOUGLAS J. GLASPEY, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on January 24, 2018 (the "Proposed Transaction"), pursuant to which U.S. Geothermal Inc. ("U.S. Geothermal" or the "Company") will be acquired by Ormat Nevada Inc. ("Parent") and OGP Holding Corp. ("Merger

CLASS ACTION COMPLAINT - 1

Sub," and collectively with Parent, "Ormat").

2.     On January 24, 2018, U.S. Geothermal's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ormat.  Pursuant to the terms of the Merger Agreement, shareholders of U.S. Geothermal will receive $5.45 in cash for each share of U.S. Geothermal common stock owned.

3.     On March 2, 2018, defendants filed a Preliminary Proxy Statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES AND RELEVANT ENTITIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of U.S. Geothermal common stock.

9.     Defendant U.S. Geothermal is a Delaware corporation and maintains its principal executive offices at 390 E Parkcenter Blvd., Suite 250, Boise, Idaho 83706.  U.S. Geothermal's common stock is traded on the NYSE under the ticker symbol "HTM."

10.    Defendant John H. Walker ("Walker") has served as Chairman of the Board of the Company since December 2003.

11.    Defendant Paul Larkin ("Larkin") has served as a director of the Company since March 2000.

12.    Defendant Leland Mink ("Mink") has served as a director of the Company since November 2006.

13.    Defendant James C. Pappas ("Pappas") has served as a director of the Company since September 2016.

14.    Defendant Randolph J. Hill ("Hill") has served as a director the Company since September 2016.

15.    Defendant Ali Hedayat ("Hedayat") has served as a director of the Company since January 2017.

16.    Defendant Douglas J. Glaspey ("Glaspey") is a co-founder and has served as President of the Company since September 2011.  Glaspey has served as a director of the Company since 2000 and is currently the interim Chief Executive Officer ("CEO").

17.    The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.     Non-party Parent is a Delaware corporation and a party to the Merger Agreement.

19.     Non-party Merger Sub is a Delaware corporation, a wholly-owned subsidiary of the Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of U.S. Geothermal (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.     This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable.  As of December 31, 2017, there were approximately 19,449,984 shares of U.S. Geothermal common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the

interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27.     U.S. Geothermal is a leading and profitable renewable energy company focused on the development, production, and sale of electricity from geothermal energy.

28.     The Company is currently operating geothermal power projects at Neal Hot Springs, Oregon, San Emidio, Nevada, and Raft River, Idaho for a total power generation of approximately 45 MWs.

29.     The Company is also developing an additional estimated 115 MWs of projects at: the Geysers, California; a second phase project at San Emidio, Nevada; at Crescent Valley, Nevada; and the El Ceibillo project located near Guatemala City, Guatemala.

30.     According to its website, U.S. Geothermal's growth goal is to reach over 200 MWs of generation by 2021 through a combination of internal development and strategic acquisitions.

31.     On January 24, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Ormat.

32.     Pursuant to the terms of the Merger Agreement, shareholders of U.S. Geothermal will receive $5.45 in cash for each share of U.S. Geothermal common stock owned.

33.     According to the press release announcing the Proposed Transaction:

U.S. Geothermal Inc. (the "Company") (NYSE American: HTM) announced today that it has entered into a definitive merger agreement under which a wholly owned subsidiary

of Ormat Technologies, Inc. ("Ormat") (NYSE:ORA) will acquire the Company for $5.45 per share in an all cash transaction.

The agreement, which has been unanimously approved by both companies' Boards of Directors, represents a premium of approximately 28.5% to the prior day closing stock price on January 23rd, 2018. . . .

The transaction is not subject to a financing condition and is expected to close during the second quarter of 2018, subject to the approval of US Geothermal shareholders and the satisfaction of customary closing conditions, including applicable regulatory approvals.

Certain funds advised by JCP Investment Management, LLC, which own approximately 15.0% of the outstanding shares of US Geothermal, as well as the directors and officers of US Geothermal have entered into an agreement to vote in favor of the transaction.

34.     The Merger Agreement contains a "no solicitation" provision that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

35.     Additionally, the Company must promptly advise Ormat of any proposals or inquiries received from other parties.

36.     Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to change its recommendation of the Proposed Transaction under extremely limited circumstances, and grants Ormat a "matching right" with respect to any "Superior Proposal" made to the Company.

37.     The Merger Agreement also provides for a "termination fee" of over $3 million payable by the Company to Ormat if the Individual Defendants cause the Company to terminate the Merger Agreement.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

38.     On March 2, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

CLASS ACTION COMPLAINT - 6

39.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

40.     First, the Proxy Statement fails to disclose whether any non-disclosure agreements executed by the Company and the prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

41.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

42.     Second, the Proxy Statement omits material information regarding potential conflicts of interest of the Company's financial advisor, ROTH Capital Partners, LLC ("ROTH").

43.     Specifically, the Proxy Statement fails to disclose the amount of compensation ROTH has received and/or will receive for the services it provided to the Company in connection with the Proposed Transaction, as well as the percentage of such fee that is contingent upon consummation of the merger.

44.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

45.     Third, the Proxy Statement omits material information regarding the background of the Proposed Transaction.  Stockholders are entitled to an accurate description of such process.

46.     For example, the Proxy Statement fails to disclose the timing and nature of all communications regarding the voting agreements that were entered into in connection with the Proposed Transaction.

CLASS ACTION COMPLAINT - 7

47.     The Proxy Statement also fails to disclose the powers/authorities of the special committee of the Board that was formed in connection with the Proposed Transaction.

48.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) The Recommendation of U.S. Geothermal's Board and U.S. Geothermal's Reasons for the Merger; and (iii) Opinion of U.S. Geothermal's Financial Advisor.

49.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to U.S. Geothermal's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and U.S. Geothermal

50.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  U.S. Geothermal is liable as the issuer of these statements.

52.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

53.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

54.     The omissions and false and misleading statements in the Proxy Statement are

material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

55.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

<u>**COUNT II**</u>

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants**

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     The Individual Defendants acted as controlling persons of U.S. Geothermal within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of U.S. Geothermal and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause

them to be corrected.

61.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Proxy Statement.

62.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

63.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

CLASS ACTION COMPLAINT - 10

necessary to make the statements contained therein not misleading;

      D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: March 16, 2018               **HEPWORTH HOLZER, LLP**

                      By:   */s/John W. Kluksdal*
                            John W. Kluksdal

                          *Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800